UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-0065-01S |
| | : | |
| LUILLI VILLA | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A DOWNWARD DEPARTURE**

The Pre-Sentence investigation report for this matter was prepared on July 3, 2006. This report on page 13 indicated an offense level of 31 and a criminal history category of I, resulting in a guideline range of 108 to 135 months. Defendant argues for a downward departure from this range based on the sentencing factors enumerated in 18 U.S.C. §3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S. Ct. 738 (2005) (holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G. § 4A1.3(b)(1).

18 U.S.C §3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) subsection." (Emphasis added) The bolded language clearly indicated that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public form further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. §3553 a(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Defendant argues that, as the Pre-Sentence Report indicated, the criminal history relates predominately to a misdemeanor non-conviction contact in the Chelsea District Court, MA which resulted ultimately in a dismissal. The Pre-Sentence also references pending criminal drug cases in Providence Superior Court.

Defendant respectfully argues that the relevant conduct concerns of the probation report over-represent the seriousness of the defendant's criminal history and level. The defendant respectfully submits that they also over-represent likelihood that the defendant will commit other crimes in violation of U.S. S.6 Section 4A1.3 (b) (1) which states as follows: "[i]f reliable information indicates that the defendant's criminal history substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

As is recognized without contradiction by the Pre-Sentence Report, Mr. Villa is lawful permanent resident who attained said status on August 27, 1996. A reality of his plea means immediate deportation to his native homeland of Mexico. The Defendant's entire family (i.e. immediate and extended) reside in Rhode Island.

This case is a classic example of why the federal sentencing guidelines are no longer binding on federal sentencing courts. The case at bar begs this Honorable Court to Review the "unreasonableness" of the Pre-Sentence Reports recommended sentence.

/s/ Joseph J. Voccola
Joseph J. Voccola (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983 (fax)
Haddasha@joevoccolalawoffices.com