The Defendant respectfully objects to the paragraph 16 pf the Pre-Sentence Investigation Reports. The probation officer relies on Guideline Section 1B1.3, Relevant Conduct to increase the defendant's base offense level 32. In order for the above cited provision to apply, 1B1.3 (a) (1) specifically mandates that certain factors must be established to constitute. The probation report merely relies on the fact that certain drugs relevant conduct in the instant case that were illegally seized at 33 Fulton Street Warwick, RI. The probation reports neglects the fact that the statute requires that the triggering event must have "occurred during the commission of the offense of conviction . ." There is not even a scintilla of evidence to suggest that the drugs that were found at 33 Fulton Street were from the same batch or source as the drugs that were confiscated in connection with count one, through five to which the defendant admitted guilt in open court.

There is no evidence to suggest that the drugs found at 33 Fulton Street were ever observed by the naked eye by the defendant. There is no person or source, whatsoever, that even remotely suggest that the defendant ever observed or even looked at drugs seized at 33 Fulton Street. Quite simply, there is no evidentiary proof as to the age of the drugs or as to when the drugs were placed at 33 Fulton or as to who placed the drugs at the Fulton Street.

There is no evidence to suggest that drugs confiscated at 33 Fulton Street were intended for sale on a specific occasion and are part of the same course of conduct or common scheme or plan. No source whatsoever ever indicated that the

defendant said he would have to retrieve drugs at 33 Fulton Street to allow for street levels no source or person ever observed the defendant retrieving drugs at 33 Fulton Street.

As the application notes in the commentary section of the guidelines suggest with respect to offenses including contraband, Mr. Villa should be held accountable for all quantities of contraband with which he was directly involved in (i.e. counts 1,2,3 and 5 of the information). Most importantly, the commentary in the application notes for Section 1B1.3 state expressly that "[t]he requirement of reasonable forseeability applies only in respect to conduct the conduct (i.e. acts and omissions) of <u>others</u> under subsection (a) (1) (b). It does not apply to conduct that the defendant <u>personally undertakes</u>, aids, abets, counsels, commands, induces, procures or willfully causes,. . ."

Not even the affidavit in support of search warrant prepared by the Warwick Police Department can reference any source or person who can state that the drugs seized or any suspected drugs at any time where ever observed at 33 Fulton Street.

The probation report pre-supposes unforeseeable and uncorroborated prospective illegal acts and omissions aided or abetted by Mr. Villa. This is exactly what the guideline caution against which can lead to an unjust punishment for the crimes in question.

The probation report reflects an antiquated the defense believes a new suggestive approach in determining the appropriate guideline range Section 1B1.3

is based on 18 U.S.C. Section 3661, which re-codifies 18 U.S.C. Section 3577. This re-codification was of a 1970 statute in 1984 with an effective date of 1987. The guidelines were adopted in 1986!

The defendant respectfully asserts that he should be held accountable for the 9.27 total grams of cocaine case for which he readily copiditously admitted guilt. The defendant plead by way of information. As such, the base offense level is taken from Section 2D1.1 (c) (1), which states that if the offense involved at least 5 grams but less than 20 grams of cocaine base, the base offense level is 22. The total offense level should be reduced to a level 23 with the agreed upon adjustment for acceptance of responsibility.

The defendant also objects to paragraph 17 of the pre-sentence investigation report which suggests a 2 level increase under guideline Section 2D1.1 (b) (1) for possessing a dangerous weapon. On Tuesday July 25, 2006 defense counsel telephonically spoke to the probation officer Maureen Bradley who indicated to defense counsel that she had not reviewed any police report reflecting a latent fingerprint analysis but would seek documentation from the government confirm the same. The defendant did not receive any such information as of the date of filing said objections in the instant matter. Also, the defendant wishes to point that it is not a crime to possess a 99 mm Ruger model AT-9 firearm.

The defendant respectfully submits the qualifies for the "Safety Valve" provision pursuant to the provisions of Title 18, U.S.C. Section 3553 (f). Should

the defendant be deemed eligible for this provision by the Court, his offense level could be dropped 2 additional levels to a level 21. Mr. Villa does not have more than 1 criminal history point, did not use violence or credible threat's of violence or possess a firearm with respect to the charges he admitted guilt to. The Defendant's offenses did not result in death or serious bodily injury to any person, he was supervisor of others with respect to the instant offense and has been and has expressed an interest to truthfully provide to the Government all information and evidence the defendant has the offenses in question.

The Pre-Sentence investigation report for this matter was prepared on July 3, 2006 This report on page 13 indicated an offense level of 31 and a criminal history category of I, resulting in a guideline range of 108 to 135 months. Defendant argues for a downward departure form this range based on the sentencing factors enumerated in 18 U S C. §3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S Ct 738 (2005) (holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G § 4A1.3(b)(1).

18 U S.C §3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) subsection." (Emphasis added) The bolded language clearly indicated that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public form further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. §3553 a(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Defendant argues that , as the Pre-Sentence Report indicated, the criminal history relates predominately to a misdemeanor non-conviction contact in the Chelsea District Court, MA which resulted ultimately in a dismissal. The Pre-Sentence also references pending criminal drug cases in Superior Court in Providence, RI occurred when the defendant was a juvenile.

Defendant respectfully argues that the relevant conduct concerns of the probation report over-represent the seriousness of the defendant's criminal history and level. The defendant respectfully submits that they also over-represent likelihood that the defendant will commit other crimes in violation of U.S. S 6 Section 4A1.3 (b) (1) which states as follows: "[i]f reliable information indicates that the defendant's criminal history substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

As is recognized without contradiction by the Pre-Sentence Report, Mr villa is lawful permanent resident who attained said status on August 27, 1996. A reality of his

plea means immediate deportation to his native homeland of Mexico. His entire family (i.e. immediate and cotended) reside in Rhode Island.

This case is a classic example of why the federal sentencing guidelines are no longer binding on federal sentencing courts. The case at bar begs this Honorable Court to Review the "unreasonableness" of the Pre-Sentence Reports recommended sentence