IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-065S |
| | ) | |
| LUILLI VILLA | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and hereby objects to the Defendant's Motion For A Downward Departure for the reasons stated in the accompanying memorandum.

Respectfully submitted,
UNITED STATES OF AMERICA

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden

KENNETH P. MADDEN
First Assistant U. S. Attorney
R. I. Bar # 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 25th day of August, 2006, I caused to be served by electronic filing the Within Government's Objection To Defendant's Motion For A Downward Departure to:

Joseph J. Voccola, Esq.
Law Offices
454 Broadway
Providence, Rhode Island 02903.

/s/ Kenneth P. Madden
KENNETH P. MADDEN
First Assistant U. S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-065S |
| | ) | |
| LUILLI VILLA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Defendant Luilli Villa (Defendant or Villa) requests that this Court impose a jail sentence less than his Sentencing Guidelines range of 108-135 months for his five offenses of distribution/possession with intent to distribute crack cocaine. The defendant does not suggest a specific sentence to the Court. The government requests a sentence of 108 months imprisonment, which is the low end of the applicable guidelines range. This range resulted from the defendant's criminal offense conduct charged in the counts as well as his relevant conduct. USSG § 1B1.3.

The defendant argues that "the relevant conduct concerns of the probation report over-represent the serious of the defendant's criminal history and level." He further argues that these relevant conduct concerns over-represent the likelihood that the defendant will commit further crimes. Defendant's Memorandum, p. 2.

In light of United States v. Booker,125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into

account when sentencing. Compliance with Booker necessitates that guidelines calculations be prepared by the U. S. Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a sentence above or below the guidelines range is warranted. United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

The defendant's argument linking relevant conduct to an over-stated criminal history and the likelihood whether the defendant would commit other crimes mixes apples and oranges. The Guidelines Policy Statement found at § 4A1.3 discusses the standards for upward or downward departures where an under-stated or over-stated criminal history category exists. The Probation Officer assigned the defendant a single criminal history point resulting in a criminal history category I, the lowest possible category. There is no basis for a downward departure or sentence below the guidelines range on grounds of an over-stated criminal history. The defendant is already at the lowest possible level.

In reading the defendant's objections to the presentence report in conjunction with his downward departure motion, the arguments intended by the defendant seem to be 1) there is no basis to assess relevant conduct against him; 2) he is safety valve eligible; 3) a two-level increase for possession of a dangerous weapon is without foundation; and 4) factors found at 18 U.S.C. § 3553 warrant a sentence below the guidelines range.

Relevant Conduct

Relevant conduct impacts the calculation of a controlled substance guidelines offense level. "Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." USSG § 2D1.1 Coment. n. 12. With regard to offenses which requiring grouping under USSG § 3D1.2(d)[1], relevant conduct includes all acts and omissions committed by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(1)(A) & (2).

Relevant conduct includes uncharged conduct. United States v. Lombard, 102 F3d 1 (1st Cir. 1996) (includes both uncharged and acquitted conduct); United States v. Tejada-Beltran, 50 F.3d 105 (1st Cir. 1995) (includes dismissed counts and acts never charged); United States v. Reyes, 3 F.3d 29 (1st Cir. 1993) (drug quantity equals the sum of charged conduct to which the defendant pleads and relevant uncharged conduct).

Offenses may qualify as part of the same course of conduct "if they are

---

[1] Offenses under USSG § 2D1.1 are grouped under USSG § 3D1.2(d).

sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3 Comment. n. 9; United States v. Sumner, 325 F.3d 884, 889-90 (7th Cir. 2003).

Cash may also constitute relevant conduct. The First Circuit has stated that when drug traffickers possess large amounts of cash in ready proximity to the drug supply, the Court may reasonably infer that the money represents drug profits. The burden of proof is on the government by a preponderance of the evidence. See United States v. Jackson, 3 F.3d 506 (1st Cir. 1993) ($3866 in cash converted to 4 ounces of cocaine); United States v. Gerante, 891 F.2d 364 (1st Cir. 1989) ($68,000 in cash converted to at least 3 kilograms of cocaine).

The additional crack cocaine and the cash seized from the apartment at 33 Fulton Street, Warwick constitutes relevant conduct.

The evidence connecting the apartment to Villa is overwhelming. Villa did not object to the statement in the presentence report that for the two months prior to his arrest, he lived alone at 33 Fulton Street. PSR ¶ 45. During the investigation, the vehicle used by Villa was seen parked outside of the address. At the time of his arrest, Villa was in possession of two keys for 33 Fulton Street - one working the lock of the exterior

building door and one working the lock of the inside apartment door. Documents in Villa's name were found inside of the apartment, including a written lease showing the apartment as being leased by Villa. A fingerprint belonging to Villa was found on a firearm inside the apartment. See the attached police reports.

The charged offenses and the possession of the crack cocaine in the apartment all occurred within a ten-day time frame.

All of the offenses involve crack cocaine. All of the offenses are trafficking offenses, involving either a distribution of crack cocaine (Counts I - IV) or possession with intent to distribute crack cocaine (Count V and the crack cocaine seized from the apartment).

The defendant's acts are repetitive and involve only one offender.

The crack cocaine seized at 33 Fulton Street therefore constitutes relevant conduct.

Safety Valve

Under 18 U.S.C. § 3553(f), "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . ." that the defendant satisfies five specific criteria. Sections 2D1.1(b)(6) and 5C1.2 of the guidelines implement the statute and mandate a two-level decrease in the guidelines offense level for a qualified defendant.

The government agrees that Villa satisfies the factors 1, 3 and 4 of the so-called "safety valve" provision.[2] The government contends that Villa fails to satisfy the second and fifth prongs of the test.

The "safety valve" provision was enacted by Congress "to mitigate the harsh effect of mandatory minimum sentences on certain first offenders who played supporting roles in drug trafficking schemes." United States v. Ortiz-Santiago, 211 F.3d 146,150 (1st Cir. 2000). Like other sentencing factors, the burden of proof upon the defendant to establish that he/she satisfies the "safety valve" provision is by a preponderance of the evidence. United States v. Ramirez, 94 F.3d 1095, 1101 (7th Cir. 1996). See United States v. Wells Metal Finishing, Inc., 922 F.2d 54, 57 (1st Cir. 2001) (the government must prove facts relied upon in sentencing by a preponderance of the evidence).

A defendant seeking a "safety valve" decrease "bears the burden of showing that he made appropriate and timely disclosures to the government." United States v. Matos, 328 F.3d 34, 39 (1st Cir. 2003). The defendant must prove that the information

---

[2] The five factors are: 1) the defendant has no more than one criminal history point; 2) the defendant did not use violence or threaten violence or possess a firearm or other dangerous weapon in connection with the offense; 3) death or serious bodily injury did not result; 4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise, and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

was both truthful and complete. United States v. Marquez 280 F.3d 19, 23 (1st Cir. 2002). In Marquez, the First Circuit rejected the defendant's argument that the safety valve could be denied only if the defendant failed to provide material information. The Court held that the obligation on the defendant was to provide all information to the government. 280 F.3d at 25.

As used in the guideline, the term "offense" or "offenses" means the offense of conviction and all relevant conduct. USSG § 5C1.2 Comment. n. 3.

Under the second prong of the safety valve test, the firearm need not be on the defendant's person at the time of his arrest. See, e.g., United States v. Plunkett, 125 F.3d 873 (D.C. ir. 1997) (safety valve inapplicable where defendant pleaded guilty to drugs found on his person, though those counts charging possession of drugs and a firearm which were found in the defendant's apartment the day after his arrest were dismissed); Wright v. United States, 113 F.3d 133 (8th Cir. 1997) (safety valve provision inapplicable where marijuana plants found in one location while cache of firearms and cash found at a motel).

With respect to the second prong, the government contends that the defendant cannot establish that he did not possess a weapon and cannot establish that his possession was not in connection with the offense. The government relies upon the location of the firearm , crack cocaine, and cash in the apartment, the existence of drug trafficking paraphernalia in the apartment, the lease agreement for the apartment, the possession of the premises' keys, and the type of firearm possessed.

Possession of the Firearm

Section 2D1.1(b) of the guidelines directs a two-level increase if a firearm was possessed. "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 Comment. n. 3.

Once the government shows that the defendant possessed a firearm during the commission of the drug crime, it is the defendant's burden to produce evidence demonstrating that it is clearly improbable that the firearm was connected to drug trafficking. United States v. McDonald, 121 F.3d 7, 10 (1st Cir. 1997); United States v. Ovalle-Marquez, 36 F.3d 212 (1st Cir. 1994). The fact that a defendant is not charged with a firearms offense or is acquitted of a firearms offense does not preclude the enhancement. United States v, Jackson, 3 F.3d at 509-10. Though the First Circuit has yet to rule, other Circuits have held there is no blanket prohibition from considering illegally seized evidence in arriving at guidelines calculations. See United States v. Acosta, 303 F.3d 78 (1st Cir. 2002) (citing cases). Illegal possession of a firearm is not a prerequisite to the applicability of the enhancement. The enhancement applies even if the firearm was possessed during the commission of relevant conduct. United States v. David, 134 F.3d 470, 475-76 (1st Cir. 1998). See also United States v. Ault, 446 F.3d 821, 824 (8th Cir. 2006); United States v. Smith, 280 F.3d 807, 810 (7th Cir. 2002); United States v. Hunter, 172 F.3d 1307 (11th Cir. 1999).

In the instant case, the search of the apartment occurred on the same date as the defendant's arrest. The defendant was the apartment lessee and had keys to the premises. He was clearly in constructive possession of the firearm at the same time he was arrested by Warwick police officers while in possession of the crack cocaine he was intending to deliver to the undercover officer. Further, the firearm, a significant quantity of crack cocaine, and the drug packaging paraphernalia were all located within the same apartment.

A two-level guidelines increase for possession of the firearm is clearly warranted.

The § 3553 Factors

In reviewing the factors listed at 18 U.S.C. § 3553, the government makes the following observations:

a. The defendant engaged in multiple drug transactions. The substance he distributed and possessed is itself a dangerous substance.

b. At the time of the commission of the instant offenses the defendant was under a Nolo, one-year filing for obstructing a police officer. PSR ¶ 27. The defendant is therefore a violator of this previously imposed disposition.

c. The defendant committed the instant offenses within five weeks of his Nolo plea in Rhode Island District Court.

d. At the time of the commission of the instant offenses, the defendant was on bail in Providence Superior Court for possession with intent to distribute cocaine. PSR ¶ 30.

e. The defendant speaks English and is in excellent physical health. He has no mental or emotional health issues. He is a lawful permanent resident. His only drug use, marijuana use, ended over two years ago when he was age 21. Yet he elected not to be employed for over a year prior to his arrest. One can only conclude that his sole motive for engaging in drug trafficking was for pecuniary gain.

f. The type of firearm and its possession by the defendant indicates that this defendant is a danger to others.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden

KENNETH P. MADDEN
First Assistant U. S. Attorney
R.I. Bar # 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 18th day of August, 2006, I caused to be served by electronic filing the Within Government's Memorandum In Support Of Its Objection To Defendant's Motion For A Downward Departure to:

Joseph J. Voccola, Esq.
Law Offices
454 Broadway
Providence, Rhode Island 02903.

/s/ Kenneth P. Madden
KENNETH P. MADDEN
First Assistant U. S. Attorney