UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. :
: C.R. NO.: 06-00065-01S
LUILLI VILLA :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SENTENCE REDUCTION PURSUANT TO
18 U.S.C. § 3582 (C)(2) AND U.S.S.G. §§ 1B 1.10 AND 2D 1.1

Now comes the defendant who hereby moves that this Honorable Court reduce his sentence pursuant to the provision of 18 U.S.C. § 3528 (c)(2) and U.S.S.G. §§ 1B 1.10 (C) and 2D 1.1. Amendment 706, 715 which provides that the defendant is eligible for a retroactive reduction of his guideline calculations.

On November 1, 2007, the United States Sentencing Commission (the Commission) amended the sentencing guideline for certain categories of offenses involving crack cocaine. The amended guideline adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table at USSG § 2D 1.1 (c) and provides a means for determining the guideline range for offenses involving crack cocaine and other controlled substances. See USSG App. C Amendment 706.

On December 11, 2007, the Commission voted to make the crack cocaine amendment retroactive as of March 3, 2008, adding it to the list of other retroactive amendments at USGG § 1B 1.10.

On April 16, 2008, the United States Sentencing Commission promulgated an additional amendment to the commentary at § 2D 1.1, and policy statement § 1B 1.10 that will take effect on May 1, 2008. The amendment revises the manner in which

combined offense levels are determined in cases involving cocaine base and one or more other controlled substances.

In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission pursuant to its statutory authority, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Commission, 18 U.S.C. § 3582 (c)(2).

1. On August 25, 2006 defendant was sentenced to 84 months imprisonment on Counts I-IV, 60 months concurrent with Count V, 5 years supervised release on Count I-IV and 3 years supervised release on Count V, all concurrent. Special conditions of his supervised release were to surrender to immigration officials upon his release for deportation, and if deported, remain outside the United States and participate in substance abuse treatment and testing including a $500 special assessment.

2. Defendant has a total offense level of 31 with a criminal history of I which called for a guidelines range of 108-135 months imprisonment.

3. Based upon the amendments, the defendant's new offense level is 29, calling for a guidelines range of 87-108 months.

4. Defendant was sentenced outside of the guideline range which was 22% below the low end of the guideline range

5. Utilizing the same 22% variance, defendant should be sentenced to 68 months to serve.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar # 4132)
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

/s/ Thomas F. Connors
Thomas F. Connors, Esq. (Bar # 2108)
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

CERTIFICATION

I hereby certify that a true copy of the within was electronically filed to the United States District Court, for the District of Rhode Island, One Exchange Terrace Providence, RI 02903, www.rid.uscourts.gov and to Louis Matos, Assistant US Attorney General, 50 Fleet Center 8th Floor, Providence, RI 02903 on this _____ day of May 2008.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar # 4132)
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

/s/ Thomas F. Connors
Thomas F. Connors, Esq. (Bar # 2108)
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)