IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-065S |
| | : | |
| LUILLI VILLA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

## Introduction

The defendant, Luilli Villa (Defendant or Villa), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Defendant's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 as of March 3, 2008.

The Defendant made four sales of less than a gram of crack cocaine to an undercover police detective of the Warwick Police Department - .35 grams on January 10, 2006; .32 grams on January 13, 2006; .31 grams on January 13, 2006; and .93 grams on January 18, 2006. He was arrested on January 19, 2006 when he met with the detective in order to sell him additional crack cocaine. The Defendant had 7.21 grams of crack cocaine with him when arrested.

A search of a house leased by the Defendant's resulted in the seizure of approximately 100 grams of crack cocaine, drug paraphernalia such as a scale, razor blades, plastic bags, and

$1143 in cash, and a 9mm Ruger rifle which had both a scope and a flashlight attachment. The clip in the gun was empty, but a second clip next to the gun was loaded with twenty-four 9mm rounds.

The Defendant waived Indictment and pled guilty to an Information charging him with four counts of distributing crack cocaine and one count of possession with intent to distribute 7.21 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C).

A sentencing hearing was held on August 25, 2006. The Defendant moved for a downward departure; argued that he was not responsible for the crack cocaine found at the house; argued that he was not connected to the rifle found at the house and that his guidelines calculations erroneously increased his offense level by two levels for possession of the firearm; and argued that he was entitled to a "safety valve" reduction in his guidelines offense level. The government presented testimony from a Warwick Police detective and a Warwick Police civilian Criminalist at the hearing on the issues of the crack cocaine found at the house, the seized evidence connecting the house to the Defendant, and the evidence connecting the rifle to the Defendant. The Court rejected the Defendant's arguments and found that the Defendant's guideline range of 108- 135 months was correctly computed. The Court thereafter imposed a sentence of 84 months on Counts I - IV and 60 months concurrent on Count V which was outside the advisory guideline range. No appeal from the sentence was taken.

In his motion, Villa argues that he is entitled to a two-level downward adjustment under the crack cocaine amendments. He states that his new offense level under the amendments is 29, which for a Criminal History Category I yields a guideline range of 87-108 months imprisonment. He further argues that because the Court imposed a sentence approximately 22%

below the low end of the guideline range, he requests that the Court make a similar percentage reduction now and impose a sentence of 68 months.

Argument

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

(a) Authority. -

(1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -

(A) none of the amendments listed in subsection (c) is applicable

to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment. -

(1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(3) (B) Exception. - If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

The reduction is not axiomatic. The Court retains its discretion as to whether a reduction should be allowed. That discretion is found within the words of § 3582(c)(2) which states that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Several Circuits agree that the Court acts within its discretion in deciding a motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

In the exercise of that discretion, the Court engages in a two-step process. First, the Court substitutes the amended guideline range for the original guideline range and determines what sentence it would have imposed. In doing so, all other original guidelines decisions remain intact. Second, the Court considers the 18 U.S.C. § 3553(a) factors and determines whether or not to grant the reduction. Vautier, 144 F.3d at 760.

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to U.S.S.G. § 1B1.10, the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence *only* within the limits set forth in U.S.S.G. § 1B1.10(b).

As noted above, the Defendant's original guideline range was 108-135 months imprisonment. The Court imposed a sentence of 84 months imprisonment, a decrease from the low end of the guideline range of approximately 22%. Applying the amendments, the new range would be 87-108 months. The Court has discretion to reduce the sentence. A comparable 22% decrease from 87 months would be approximately 68 months. As the Defendant's institutional conduct has been acceptable, the government does not object to a reduction to 68 months imprisonment and would request that all other terms of the original sentence remain in effect.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
RI BAR No. 1680
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 4th day of June 2008, I electronically filed the Within Government's Response To Defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2), to:

Joseph J. Voccola, Esq.
Law Offices
454 Broadway
Providence, RI 02909

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
RI BAR No. 1680
kenneth.madden@usdoj.gov