UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-065 S

LUILLI VILLA :

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

NOW comes the defendant, Luilli Villa, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law in support of motion for sentence reduction.

Luilli Villa,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Kenneth Madden, AUSA and on Dennis Jenkins, SUSPO on the 19th day of June, 2008.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 006-065 S

LUILLI VILLA :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Luilli Villa, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant states that:

1. On August 26, 2006, he was sentenced to a term of 84 months imprisonment after having pled guilty to distribution of cocaine base.

2. This sentence represented a variance from the low end of 108-135 months.

3. Based upon the amendments to U.S.S.G. § 2D1.1, effective as of the date of November 1, 2007, the defendant's base offense level would be a level 29 after a reduction for acceptance of responsibility. The new guideline range applicable to the defendant would be 87-108 months. If the defendant received a

reduction of the same proportion, seventy seven percent (77%), the new sentencing range would be 67 months.

4. Finally, pursuant to the decision of the United States Supreme Court in Kimbrough v. United States, 76 U.S.L.W. 4023 (U.S. December 10, 2007), the Court may consider a further reduction in Mr. Villa's sentence, as the Supreme Court observed that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Slip Op. at 21.

LUILLI VILLA,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Kenneth Madden, AUSA and on Dennis Jenkins, SUSPO on the 19th day of June, 2008.

/s/ Edward C. Roy, Esquire